UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHADNEY HAMER,

       Plaintiff,                                    Case No. 4:22-cv-12106
                                                            District Judge F. Kay Behm
v.                                                          Magistrate Judge Kimberly G. Altman

CAROL GRIFFS, EVONNE McGINTY,
DR. HERRO, ANZHELIKA KOOTNER,
CORIZON, J. RUBLEY, C UNIT STAFF,
JOHN DOE, and JANE DOE,

       Defendants.
_____/


**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO DISMISS CORIZON AS A DEFENDANT AND
ADD WELLPATH HEALTH SERVICES AS A DEFENDANT (ECF No. 39)
AND
TO DENY AS MOOT
CORIZON'S MOTION TO DISMISS (ECF No. 30)
AND
TO DENY IN PART AS MOOT
DEFENDANTS' MOTION FOR WITHDRAWAL
OF ATTORNEY AND FOR 120-DAY STAY (ECF No. 62)**


I.      Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff

Shadney Hamer (Hamer), proceeding *pro se*, is suing defendants Carol Griffs

(Griffs), Evonne McGinty (McGinty), Dr. Herro (Herro), Anzhelika Kootner

(Kootner), J. Rubley (Rubley), Corizon,[1] C Unit Staff, John Doe, and Jane Doe alleging violations of his First and Eighth Amendment rights, specifically saying that he was denied access to medical attention and that he was retaliated against for filing grievances.  *See* ECF No. 1.  Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.  (ECF No. 43).

There are currently six pending motions in this case: (1) a motion for summary judgment on the grounds of exhaustion by Michigan Department of Corrections employees Griffs, Kootner, McGinty, and Rubley, (ECF No. 23); (2) Hamer's motion for leave to file an amended complaint, (ECF No. 25); (3) Corizon's motion to dismiss, (ECF No. 30); (4) Herro's motion to dismiss, (ECF No. 35); (5) Hamer's motion to amend the complaint, (ECF No. 39); and (6) Corizon and Herro's motion for withdrawal of attorney and for a 120-day stay, (ECF No. 62).  The third, fifth, and part of the sixth motion will be addressed below.  The first, second, fourth, and balance of the sixth motion will be addressed at a later date.

For the reasons stated below, the undersigned RECOMMENDS that Hamer's motion to amend the complaint by dismissing Corizon as a defendant and adding Wellpath Health Services (Wellpath) as a defendant, (ECF No. 39), be

---

[1] Proceedings against Corizon have been stayed due to its ongoing bankruptcy proceedings.  *See* ECF Nos. 51, 56.

GRANTED.  If this recommendation is adopted, it is further RECOMMENDED

that Corizon's motion to dismiss, (ECF No. 30), be DENIED AS MOOT and that

the motion for withdrawal of attorney and for a 120-day stay, (ECF No. 62), be

DENIED AS MOOT as to Corizon.

II.     Hamer's Motion to Amend the Complaint (ECF No. 39)

Hamer requests that the Court dismiss Corizon as a defendant and add

Wellpath as a defendant.  (ECF No. 39).  Hamer explains that since filing his

lawsuit, he has learned that it was Wellpath and not Corizon that was contracted to

provide healthcare services to Michigan prisoners during the relevant period.

A.     Corizon

Hamer requests that Corizon be removed as a defendant from this case.  "A

party's decision to withdraw a claim renders it moot." *Indep. Union of Flight

Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992)

(citing *Webster v. Reproductive Health Serv.*, 492 U.S. 490, 512 (1989)).  Thus,

Hamer has rendered his claims against Corizon moot.

Even though there is currently an automatic stay in place as to Corizon due

to its ongoing bankruptcy proceedings, *see* n. 1, the Court can nonetheless dismiss

Corizon as a defendant.  The Eighth Circuit has explained that "[t]he bankruptcy

court does not have the power to preclude another court from dismissing a case on

its docket or to affect the handling of a case in a manner not inconsistent with the

purpose of the automatic stay." *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988).  The Ninth Circuit, agreeing with the Eighth Circuit's approach, has explained that dismissal of an action against a debtor is permissible so long as the dismissal is "consistent with the purpose of the statute." *Indep. Union of Flight Attendants*, 966 F.2d at 459; *see also Zelaskowski v. Johns–Manville Corp.*, 578 F. Supp. 11, 17 (D.N.J. 1983) (determining that dismissal of debtor-defendant permitted where dismissal "will not contravene the purpose of the stay provision").

The purpose of the statutorily mandated automatic stay is to protect both debtors and creditors while the bankruptcy court considers a debtor's bankruptcy petition.  *See Indep. Union of Flight Attendants*, 966 F.2d at 459; *see also Fidelity Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 55 (2nd Cir. 1976) (explaining that the automatic stay "is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts").  Keeping Corizon as a defendant in this case when both it and Hamer seek its dismissal does not serve the purpose of the statute. *See* ECF No. 30, Corizon's motion to dismiss.  As such, Corizon may be dismissed as a defendant without violating the automatic stay.

In light of the mootness of Hamer's claims against Corizon, it should be dismissed as a defendant.  If Corizon is dismissed as Hamer requests, then Corizon's pending motion to dismiss, (ECF No. 30), which also seeks the dismissal

of Corizon as a defendant, should be denied as moot.  Similarly, the pending

motion for withdrawal of attorney and for 120-day stay filed by counsel for

Corizon, (ECF No. 62), should be denied as moot as to Corizon.

### B.    Wellpath

In addition to the dismissal of Corizon as a defendant, Hamer also seeks to

add Wellpath as a defendant to this case.  Herro opposes the addition of Wellpath

as a defendant.  (ECF No. 44).

Hamer's request to add Wellpath is construed as a motion to amend his

complaint.  Amendments to pleadings before trial are governed by Federal Rule of

Civil Procedure 15(a).  Hamer can no longer amend his complaint as a matter of

course under Rule 15(a)(1), instead he must proceed under Rule 15(a)(2) which

requires either "the opposing party's written consent or the court's leave."  The

rule provides that "[t]he court should freely give leave when justice so requires."

Fed. R. Civ. P. 15(a)(2).  "Because Rule 15(a)(2) directs courts to 'freely give

leave when justice so requires,' the rule embodies a 'liberal amendment policy.' "

*Brown v. Chapman*, 814 F.3d 436, 442-443 (6th Cir. 2016) (quoting *Morse v.

McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

"Despite this policy, denial may be appropriate when there is 'undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc.' "

*Brown*, 814 F.3d at 443 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "To

deny a motion to amend, a court must find 'at least some significant showing of

prejudice to the opponent.' "  *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir.

2008) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

Here, Herro argues that adding Wellpath as a defendant would be futile

because Hamer has not properly pleaded a *Monell* claim and also failed to exhaust

his administrative remedies.  These types of arguments are better left for Wellpath

to make.  In light of the liberal amendment policy and the relatively early stage of

litigation, Hamer should be permitted to amend his complaint to add Wellpath as a

defendant.  That said, the Court reminds Hamer that it is his responsibility to

provide a valid address for service of Wellpath.

## IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that

Hamer's motion to dismiss Corizon as a defendant and add Wellpath as a

defendant, (ECF No. 39) be GRANTED.  If this recommendation is adopted, it is

further RECOMMENDED that Corizon's motion to dismiss, (ECF No. 30), be

DENIED AS MOOT and that Corizon and Herro's motion for withdrawal of

6

Case 4:22-cv-12106-FKB-KGA   ECF No. 64, PageID.654   Filed 04/05/23   Page 7 of 8

attorney and for a 120-day stay, (ECF No. 62), be DENIED AS MOOT as to

Corizon.[2]

Dated: April 5, 2023                        s/Kimberly G. Altman
Detroit, Michigan                           KIMBERLY G. ALTMAN
                                            United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Isaac v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

---

[2] The motion to withdraw and stay as to Herro will be addressed at a later date.

7

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 5, 2023.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager
