UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHADNEY HAMER,

     Plaintiff,                   Case No. 4:22-cv-12106

                                     District Judge F. Kay Behm

v.                           Magistrate Judge Kimberly G. Altman

EVONNE McGINTY, WELLPATH
HEALTH SERVICES, C UNIT STAFF,
JOHN DOE, and JANE DOE,

     Defendants.

_____/

**ORDER
CONSTRUING PLAINTIFF'S AMENDED COMPLAINT (ECF No. 69)
AS A MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLANT
AND
GRANTING PLAINTIFF LEAVE TO AMEND
AND
REPORT AND RECOMMENDATION
TO GRANT PLAINTIFF'S MOTION TO DISMISS (ECF No. 78)
AND
TO DISMISS AND TERMINATE DEFENDANTS WELLPATH HEALTH
SERVICES, C UNIT STAFF, JOHN DOE, AND JANE DOE
AND
TO DENY AS MOOT DEFENDANT WELLPATH HEALTH SERVICES'
MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT (ECF No. 74)[1]**

---

[1] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

## I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Shadney Hamer (Hamer), proceeding *pro se*, alleges violations of his First and Eighth Amendment rights.  In broad terms, Hamer claims that he was denied access to medical attention and then retaliated against for filing grievances.  *See* ECF No. 39.  Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.  (ECF No. 43).  At this time, Evonne McGinty (McGinty), Wellpath Health Services (Wellpath), C Unit Staff, John Doe, and Jane Doe remain as defendants.

Before the Court are Hamer's amended complaint, (ECF No. 69), Wellpath's motion to dismiss and/or for summary judgment, (ECF No. 74), and Hamer's motion to dismiss all defendants except McGinty, (ECF No. 78).  For the reasons stated below, Hamer's amended complaint will be CONSTRUED as a motion for leave to file a second amended complaint, and leave will be GRANTED.

Further, it is RECOMMENDED that Hamer's motion to dismiss be GRANTED, and that all defendants except McGinty be DISMISSED and TERMINATED from the docket.  It is also RECOMMENDED that Wellpath's motion to dismiss and/or for summary judgment be DENIED AS MOOT.  If these recommendations are adopted, then the case will proceed against McGinty.

2

## II.    Amended Complaint

On May 1, 2023, Hamer filed an amended complaint naming McGinty, Dr. Herro,[2] and Wellpath as defendants.  (ECF No. 69).  Hamer's amended complaint is construed as a motion for leave to amend his first amended complaint.

Amendments to pleadings before trial are governed by Federal Rule of Civil Procedure 15(a).  Hamer can no longer amend his complaint as a matter of course under Rule 15(a)(1); instead, he must proceed under Rule 15(a)(2) which requires either "the opposing party's written consent or the court's leave."  The rule provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.' " *Brown v. Chapman*, 814 F.3d 436, 442-443 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

"Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Brown*, 814 F.3d at 443 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "To

---

[2] Dr. Herro was dismissed for failure to exhaust after Hamer filed the amended complaint.  (ECF No. 68).

3

deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.' " *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

No defendant filed a response in opposition to Hamer's filing.  The time for doing so has passed.  The lack of opposition suggests that granting Hamer leave to amend will not prejudice any defendant.  Additionally, discovery has not yet begun in this case, so the parties will have the full discovery period to investigate the claims asserted in Hamer's second amended complaint.

For these reasons and in light of the liberal amendment policy under the Federal Rules of Civil Procedure, Hamer will be given leave to amend his first amended complaint.  Going forward, the complaint docketed as ECF No. 69 will be considered the operative complaint and be referred to as the second amended complaint.

### III.    Motions to Dismiss

Two motions are currently before the Court: (1) Wellpath's motion to dismiss and/or for summary judgment (ECF No. 74), and (2) Hamer's motion to dismiss all defendants except McGinty, (ECF No. 78).

As to Hamer's motion, Hamer says that he only wants to proceed with claims for retaliation and deliberate indifference against McGinty.  No defendant has filed a response in opposition to the motion.  "A party's decision to withdraw a

claim renders it moot." *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (citing *Webster v. Reproductive Health Serv.*, 492 U.S. 490, 512 (1989)).  Hamer's desire to proceed only with claims against McGinty has rendered his claims against all the other defendants moot.  As such, the undersigned recommends that the following defendants be dismissed and terminated from the docket under Federal Rule of Civil Procedure 41(a)(2):[3] Wellpath, C Unit Staff, John Doe, and Jane Doe.

As to Wellpath's motion, given Hamer's desire to dismiss it from the case, and the undersigned's recommendation that Hamer's motion to dismiss be granted, Wellpath's motion should be denied as moot.

IV.   Conclusion

For the reasons stated above, Hamer's amended complaint is hereby CONSTRUED as a motion for leave to file a second amended complaint and leave to do so is GRANTED.  The complaint docketed at ECF No. 69 (the second amended complaint) is now the operative complaint.

Further, the undersigned RECOMMENDS that Hamer's motion to dismiss, (ECF No. 78), be GRANTED, and that all defendants except McGinty be DISMISSED and TERMINATED from the docket, specifically Wellpath, C Unit

---

[3] Fed. R. Civ. P. 41(a)(2) provides, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Staff, John Doe, and Jane Doe.  The undersigned also RECOMMENDS that Wellpath's motion to dismiss and/or for summary judgment, (ECF No. 74), be DENIED AS MOOT.

If these recommendations are adopted, then the case will proceed against McGinty on the claims asserted against her in the second amended complaint.

Dated: June 29, 2023                                    s/Kimberly G. Altman
Detroit, Michigan                                     KIMBERLY G. ALTMAN
                                                     United States Magistrate Judge


**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

6

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2023.

s/Kristen MacKay for Carolyn Ciesla
Kristen MacKay